UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| CHRISTMAS TREE SHOPS, LLC, et al., | ) CHAPTER 7 |
| | ) CASE NO. 23-10576 (TMH) |
| Debtors. | ) |
| | ) *(Jointly Administered)* |
| | ) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, *et al*., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ADV. PROC. NO. 25-50835 (TMH) |
| COASTAL CONSTRUCTION CORP., | ) |
| | ) |
| Defendant. | ) |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES
OF COASTAL CONSTRUCTION CORP.**

Defendant Coastal Construction Corp. ("Coastal") hereby answers each and every paragraph of the Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") filed by plaintiff George L. Miller (the "Trustee"), the Chapter 7 Trustee of the bankruptcy estates of Christmas Tree Shops, LLC, et al. (collectively, the "Debtors") as follows:

1.      Coastal admits that, on May 5, 2023, the Debtors filed voluntary petitions pursuant to Chapter 11 of the Bankruptcy Code.  Coastal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and therefore denies the same.

4920-3568-3413.v1

2.      Coastal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the same.

3.      Coastal admits that the Bankruptcy Code authorizes a Chapter 7 trustee to pursue and prosecute avoidances actions on behalf of a debtor's bankruptcy estate.  Coastal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies the same.

4.      Admitted.

5.      The allegations of Paragraph 5 constitute a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

6.      The allegations of Paragraph 6 constitute a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

7.      Coastal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.  Coastal further states that it does not consent to the entry of final orders and judgments by the Court.

8.      The allegations of Paragraph 8 constitute a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

9.      The allegations of Paragraph 9 constitute a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Answering further, Coastal denies that the Trustee is entitled to any relief based on the allegations of the Complaint.

10.     Coastal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore deny the same.

11.     The allegations of Paragraph 11 refer to a written document, the contents of which speak for themselves.  Coastal denies the allegations to the extent they conflict with the referenced document.

12.     Denied.

13.     Denied.

14.     The allegations of Paragraph 14 constitute a legal conclusion to which no response is required.  Answering further, Coastal denies that the Trustee is entitled to any relief based on the allegations of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

15.     Coastal incorporates by reference its answers to Paragraphs 1 through 14.

16.     Admitted.

17.     Coastal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies the same.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Coastal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies the same.

22.     Denied.

23.     Coastal admits that it has not paid any funds to the Trustee.  Answering further, Coastal denies that the Trustee is entitled to any relief based on the allegations of the Complaint.

24.     Denied.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property—11 U.S.C. § 550)**

25.     Coastal incorporates by reference its answers to Paragraphs 1 through 24.

26.     Denied.

27.     Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, by the ordinary course of business defense pursuant to Bankruptcy Code § 547(c)(2).

**THIRD AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, by the subsequent new value defense pursuant to Bankruptcy Code § 547(c)(4).

**FOURTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, by the contemporaneous exchange for new value defense pursuant to Bankruptcy Code § 547(c)(1).

**FIFTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, by the doctrine of earmarking.

**SIXTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, by his failure to conduct reasonable due diligence.

4920-3568-3413.v1

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of recoupment.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or part, on the grounds of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims for relief are barred by applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Coastal hereby places the Trustee on notice that Coastal intends to rely on such further defenses as may be revealed or developed during the course of discovery in this matter, and reserves the right to amend this answer to include such defenses, including counter-claims, to the extent required and/or permitted by law.

WHEREFORE, defendant Coastal Construction Corp. requests:

(1)     that all claims in the Trustee's Complaint be dismissed with prejudice, with no

judgment entering in the Trustee's favor on any of its claims; and

(2)     that the Court enter any other relief in Coastal Construction Corp.'s favor that the

Court deems just and proper.

4920-3568-3413.v1

Dated: July 16, 2025
Wilmington, DE

GELLERT SEITZ BUSENKELL & BROWN LLC

/s/ *Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
mbusenkell@gsbblaw.com

and

HARRIS BEACH MURTHA CULLINA, PLLC

Jonathan M. Horne, Esq. (*pro hac vice* application forthcoming)
Zachary J. Gregoricus, Esq. (*pro hac vice* application forthcoming)
33 Arch Street, 12th Floor
Boston, MA 02110-2320
Telephone: (617) 457-4085
Email: jhorne@harrisbeachmurtha.com
zgregoricus@harrisbeachmurtha.com

*Counsel to Defendant Coastal Construction Corp.*

4920-3568-3413.v1

## <u>CERTIFICATE OF SERVICE</u>

I, Michael Busenkell, hereby certify that on the 16th day of July, 2025, a copy of this document was filed through the ECF system which will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

<u>/s/ *Michael Busenkell*          </u>
Michael Busenkell (DE 3933)

4920-3568-3413.v1